# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES ARRINGTON, JR., | |
| | Case No. |
| Plaintiff, | Hon. |
| | Magistrate: |
| v | |
| | |
| CENLAR FEDERAL SAVINGS BANK and LAKEVIEW LOAN SERVICING, LLC, | Oakland County Circuit Court Case No. 2018-170556-CH Hon. Leo Bowman |
| Defendants. | |

| | |
|---|---|
| VANESSA G. FLUKER, ESQ. PLLC By: Vanessa G. Fluker (P64870) Attorneys for Plaintiff 2727 Second Avenue, Ste. 111 Detroit, Michigan 48201 (313) 393-6005 vgflawyer@sbcglobal.net | SCHNEIDERMAN & SHERMAN, P.C. By: Steven A. Jacobs (P68749) Attorneys for Defendants 23938 Research Drive, Suite 300 Farmington Hills, Michigan 48335 (248) 539-7400 sjacobs@sspclegal.com |

## NOTICE OF REMOVAL

**TO: UNITED STATE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

Pursuant to 28 U.S.C. §§1441(a) and 1332, the above-captioned action, which is currently pending in the 6th Circuit Court for the County of Oakland, in the State of Michigan is hereby removed by Defendants, Cenlar, FSB ("Cenlar") and Lakeview Loan Servicing, LLC ("Lakeview") to the United States District

LAW OFFICES
SCHNEIDERMAN & SHERMAN, P.C.
23938 Research Drive
Suite 300
Farmington Hills, MI 48335
TELEPHONE (248) 539-7400
FACSIMILE (248) 539-7401

1

Court for the Eastern District of Michigan, by the filing of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Michigan. As grounds for removal based upon Diversity of Citizenship, Cenlar states as follows:

1. On or about December 15, 2018, Plaintiff, Charles Arrington, Jr., filed an action in the 6th Circuit Court for the State of Michigan, captioned as *Charles Arrington, Jr. v Cenlar Federal Savings Bank, et al.*, case no. 2018-170556-CH; Honorable Leo Bowman ("State Court Action").

2. The Plaintiff's Complaint and the mortgage loan referenced in the complaint pertains to real property located at 25227 Arden Park Drive, Farmington Hills, Michigan 48336 ("Property").

3. The Plaintiff is challenging Defendants' ability to foreclose on the mortgage and Property, which the amount claimed due and owing at the time of the Notice of Foreclosure Sale dated May 17, 2018 was Two Hundred Seventy-Seven Thousand Seven Hundred Six and 37/100 ($277,706.37) DOLLARS. See **Exhibit A**.

4. Plaintiff's Complaint contains claims for (1) violating the Real Estate Settlement Procedures Act, Regulation X and 12 CFR 1024.41; (2) breach of contract; (3) negligence; and, (4) exemplary damage, thereby seeking

LAW OFFICES
SCHNEIDERMAN & SHERMAN, P.C.
23938 Research Drive
Suite 300
Farmington Hills, MI 48335
TELEPHONE (248) 539-7400
FACSIMILE (248) 539-7401

declaratory relief to set aside the foreclosure sale and injective relief as it relates to an eviction action, as well as monetary damages.

5. As of June 5, 2018 the total bid price at the sheriff's sale was Two Hundred Eight-Six Thousand Eleven and 55/100 ($286,011.55) Dollars, which included the principal balance, unpaid interest and any advances and foreclosure fees and costs.

6. When a Plaintiff seeks declaratory relief or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimar Ex Rel. Estate of Lorimar v. Berrelez*, 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004)(citations omitted); *see also*, *Cohn v. Petsmart*, 281 F. 3d 837, 840 (9th Cir. 2002)(citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)(holding "[i]n action seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). The object of value at issue in this instance is the Property.

7. This Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. §1332, since the parties are diverse and the amount in controversy based upon declaratory claims and injunction relief exceeding Seventy-Five Thousand and 00/100 ($75,000.00) DOLLARS, this court has jurisdiction.

LAW OFFICES
SCHNEIDERMAN & SHERMAN, P.C.
23938 Research Drive
Suite 300
Farmington Hills, MI 48335
TELEPHONE (248) 539-7400
FACSIMILE (248) 539-7401

8. On January 26, 2019, Cenlar and Lakeview were served with the Summons and Complaint, which is attached hereto as **Exhibit B.** Removal is therefore timely. *Brierly v. Alusuisse Flexible Packaging*, 184 F. 3d 527, 533 (6th Cir.1999); *Scholen Berger v Sears Robuck Co.*, 876 F. Supp. 153 (E.D. Mich. 1995).

9. Cenlar is a Federal Savings Bank and maintains its principal office within the State of New Jersey.

10. Lakeview is a limited liability company that maintains its principal office within the State of Florida.

11. Accordingly, Cenlar and Lakeview are not now and have never been citizens of the State of Michigan, where such action was brought within the meaning of 28 U.S.C. §1332(c).

12. Plaintiff is a resident of Oakland County, Michigan, *see* **Exhibit B**, Complaint, ¶1. Plaintiff does not allege that he has any intention of leaving Michigan. *Id.* Therefore, upon information and belief, Plaintiff is domiciled in the State of Michigan.

13. Pursuant of 28 U.S.C. §1441 and §1446, this case may be removed from the 6th Circuit Court for the County of Oakland, State of Michigan to the United States District Court, Eastern District of Michigan, Southern Division.

LAW OFFICES
SCHNEIDERMAN & SHERMAN, P.C.
23938 Research Drive
Suite 300
Farmington Hills, MI 48335
TELEPHONE (248) 539-7400
FACSIMILE (248) 539-7401

14. Concurrently with the filing of this Notice of Removal, by means of the Notice of Filing of Notice of Removal in the State Court Action and attached hereto as **Exhibit C**, in accordance with 28 U.S.C. §1446(d), Defendant is giving written notice to all known parties, and to the Clerk of the 6th Circuit Court for the County of Oakland, Michigan, of (i) this removal; (ii) the fact that this case is to be docketed in this Court; and (iii) that this Court shall hereafter be entitled to grant all relief to Defendants as is proper under the circumstances.

15. This Notice of Removal, with Exhibits and a civil cover sheet has been electronically filed and served upon the Plaintiff, as required by 28 U.S.C. §1446(d). Payment of the required filing fee has been made.

16. The undersigned has read this Notice of Removal and to the best of the undersigned's knowledge, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law and is not interposed for any improper purpose. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully Submitted,
**SCHNEIDERMAN & SHERMAN, P.C.**

/s/ Steven A. Jacobs
By: Steven A. Jacobs (P68749)
Attorneys for Defendants
23938 Research Drive, Suite 300
Farmington Hills, MI 48335
(248) 539-7400
sjacobs@sspclegal.com

Dated: February 25, 2019

LAW OFFICES
SCHNEIDERMAN & SHERMAN, P.C.
23938 Research Drive
Suite 300
Farmington Hills, MI 48335
TELEPHONE (248) 539-7400
FACSIMILE (248) 539-7401

## CERTIFICATE OF SERVICE

I, Sabrina R. Adams, hereby certify that on February 25, 2019 that the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the ECF system, and a copy was served via U.S. mail upon:

Vanessa G. Fluker, Esq.
VANESSA G. FLUKER, ESQ. PLLC
2727 Second Avenue, Ste. 111
Detroit, Michigan 48201

Clerk of the Court
Oakland County Circuit Court
1200 Telegraph Road
Pontiac, Michigan 48340

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

/s/ Sabrina R. Adams
Sabrina R. Adams, Legal Assistant
Schneiderman & Sherman, P.C.

LAW OFFICES
SCHNEIDERMAN & SHERMAN, P.C.
23938 Research Drive
Suite 300
Farmington Hills, MI 48335
TELEPHONE (248) 539-7400
FACSIMILE (248) 539-7401

6