UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ARRINGTON, JR.,

           Plaintiff,                  No. 19-10571

v.

                                Magistrate Judge R. Steven Whalen

CENLAR FEDERAL SAVINGS BANK,
and LAKEVIEW LOAN SERVICING,
LLC,

           Defendants.
_____/

## OPINION AND ORDER

This is a residential mortgage foreclosure case.  On December 15, 2018, Plaintiff Charles Arrington, Jr. filed suit in Oakland County Circuit Court alleging a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), and regulations promulgated under it 12 C.F.R. § 1024.41 ("Regulation X"), by Defendants Cenlar Federal Savings Bank and Lakeview Loan Servicing, LLC.  Plaintiff also brings breach of contract and negligence claims.   The case was removed to this Court on February 25, 2019.  ECF Nos. 1, 1-3.

Currently before the Court is Defendants' Motion for Summary Judgment under Fed. R. Civ. P. 56(a)  [ECF No. 15],  which has been referred for consent jurisdiction under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. ECF No. 16.   For the reasons discussed below, Defendants' motion is GRANTED, dismissing all claims WITH PREJUDICE.

## I.    PLAINTIFF'S ALLEGATIONS

On May 19, 2017, Plaintiff entered into a mortgage contract with Defendant Capital Mortgage Funding Corporation ("Capital").  *Complaint,* ECF No. 1-3, ¶ 13.  The mortgage

loan was subsequently transferred to Defendant Cenlar Federal Savings Bank ("Cenlar") a subservicer of Lakeview Loan Servicing, LLC ("Lakeview"). *Id.*  After becoming injured, Plaintiff reached out to Cenlar for a loan modification due to his inability to work, but was shunted from one employee to another. *Id.* at ¶ 14.  On January 3, 2018, Plaintiff sent a letter to Cenlar asking for assistance. *Id.* at ¶ 15.  He alleges that after not receiving a response, he again attempted unsuccessfully to obtain assistance by telephone, despite the fact that Cenlar had a heightened duty to assist Plaintiff given that the mortgage loan was government insured. *Id.* at 16.

Plaintiff alleges that Cenlar began foreclosure proceedings without attempting to modify the loan or even sending a default letter. *Id.* at ¶ 17.  He alleges that he did not receive notice of the foreclosure sale and did not discover that his house had been sold until after the sale. *Id.* at ¶ 18.  Plaintiff alleges that Cenlar "refused to honor the federal guidelines related to FHA  mortgages or properly apply the  U.S. Department of Treasury's Home Affordable Modification Program ("HAMP") guidelines" applicable to his loan. *Id.* at ¶ 19.  He alleges that the foreclosure sale violated the requirements of RESPA, *Id.* at ¶ ¶ 23-32,  and breach of contract by both Defendants. *Id.* at ¶ ¶ 33-46.  Plaintiff requests monetary damages and a stay all forclosure and possession proceedings.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).  Drawing all

reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III.    DISCUSSION

The Court notes that Plaintiff did not respond to Defendants' motion for summary judgment. While the motion is unopposed, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v Bunch*, 946 F2d 451, 455 (6th Cir. 1991). The movant bears the burden of showing the absence of

-3-

a genuine issue as to a material fact "regardless if an adverse party fails to respond." *Id.* at 454-455.

Defendants' version of events as set forth in the present motion and accompanying exhibits is unchallenged.

On May 19, 2017 Plaintiff borrowed $265,109.00 from Capital and executed and delivered a promissory note as evidence of the loan, granting a mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for the lender and lender's successors and assigns. ECF No. 15, PageID.189. ECF Nos. 15-2, 15-3. The mortgage was assigned to Lakeview on December 28, 2017 and recorded on January 3, 2018. ECF No. 15-4. Plaintiff fell behind on his payments and beginning on July 18, 2017, he received notices regarding the default. *Id.* at 190, ECF No. 15-5. On August 4, 2017, he was notified of an opportunity to apply for assistance, and shortly after was provided contact information for U.S. Department of Housing and Urban Development ("HUD") counseling. *Id.,* ECF Nos. 6-7. On August 16, 2017, he received a notice of default stating that he had missed his July 1, 2017 and all subsequent payments. *Id.,* ECF No. 15-8. On September 5, 2017, another notice regarding loss mitigation was mailed to Plaintiff. *Id.,* ECF No. 15-9. Plaintiff did not respond to any of the requests for information or offers of assistance. *Id.* On October 11, 2017, he was notified of the service transfer to Lakeland/Cenlar. *Id.* ECF No. 15-10.

On February 5, 2018, Plaintiff filed a Chapter 13 petition for bankruptcy relief. *Id.* ECF Nos. 15-11, 15-12. The bankruptcy petition was dismissed on April 24, 2018. *Id.* at 191 ECF No. 15-12. . A notice of foreclosure was published beginning on May 4, 2018 with the foreclosure notice being posted on the property on May 14, 2018. *Id.* ECF No. 15-13. The foreclosure sale was held on June 5, 2018 and the six-month redemption period expired on December 6, 2018. *Id.* On December 17, 2018, Lakeview began eviction proceedings

which have been stayed pending resolution of this action.

### A. Plaintiff Lacks Standing to Challenge the Foreclosure Sale

As a threshold matter, the six-month redemption period for setting aside the foreclosure sale expired on December 6, 2018.  ECF No. 15-13.  Plaintiff's Oakland County Circuit Court complaint shows that he did not file suit until at least as late as December 15, 2018.  Plaintiff's failure to redeem the property within the statutory six months redemption period provided under Mich. Comp. Laws § 600.3240 (8) divested him of "all right, title, and interest" in the property. Mich. Comp. Laws § 600.3236.  "Once the redemption period expires . . . a plaintiff lacks standing to bring a claim." *Evans v Bank of New York Mellon,* 2017 WL 4387293, at *2 (E.D. Mich. October 3, 2017)(Steeh, J.)(*citing Bryan v. JP Morgan Chase Bank*, 304 Mich. App. 708, 713-15 (2014)).    Where the redemption period has expired, "to avoid dismissal a plaintiff must come forward with a 'clear showing of fraud, or irregularity' in the foreclosure proceedings." *Id.* (*quoting Conlin v. Mortgage Electronic Registration Systems*, 714 F.3d 355, 360 (6th Cir. 2013))(internal citations omitted). Plaintiff's claim that he did not receive notice of the foreclosure sale is defeated by an "Affidavit of Publication" stating that the notice of pending foreclosure sale was published in the Oakland County Legal News on four occasions in the month before the sale and a sworn affidavit stating that the notice of sale was posted on the property over two weeks prior to the sale. ECF No. 15-13.  Because Plaintiff has not challenged Defendants' showing that the foreclosure sale was performed without fraud or irregularity, he lacks standing, and his claims of irregularities in the foreclosure sale must be dismissed.

### B. RESPA

Defendants dispute Plaintiff's allegations that he did not receive a default letter, notices of the pending foreclosure sale, or that the mortgage servicers refused to discuss loss

mitigation with him. *Defendants' Brief,* ECF No. 15, PageID.192. Defendants also note that the regulatory implementation of RESPA under 12 C.F.R. § 1024.41 does not require borrowers to provide loss mitigation. *Id.* at 193.

Plaintiff appears to fault Defendants for commencing foreclosure proceedings while he was attempting to procure a loan modification in January, 2018. "When a borrower submits a 'complete loss mitigation application,' the loan servicer may not initiate foreclosure proceedings while the application is pending." *Brown v Specialized L Servicing*, LLC, No. 17-CV-10163, 2019 WL 2723226, at *3 (E.D. Mich. April 17, 2019)(Majzoub, M.J.), *report and recommendation adopted*, 2019 WL 2353183 (ED Mich, June 4, 2019); 12 C.F.R. § 1024.41(f). "Violation of this section is referred to as 'dual tracking.'" *Id.* (*quoting Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 585 (E.D. Mich. 2014).

However, Plaintiff fails to allege or provide evidence that he ever submitted a complete or even partial loss mitigation application despite an offer to do so after he defaulted on the mortgage loan several months earlier. Defendants' exhibits show that after Plaintiff missed his August, 2017 mortgage payment, he was notified on August 4, 2017 that his mortgage was in default. ECF No. 15-6. He was provided with a toll free number and urged to reach out to the servicer to "work out a plan for repayment." *Id.* He was directed to provide the servicer with his current financial information. *Id.* He was also advised to contact a "HUD-approved housing counseling agency and provided with a contact number for HUD." *Id.* In a separate letter dated August 10, 2017, Plaintiff was advised that he was entitled to counseling through an approved HUD Agency." ECF No. 15-7. On September 5, 2017, Plaintiff was informed by letter that possible relief options available to him were forebearance relief, a pre-foreclosure sale of the property, loan modification, placement of past due amounts in a second mortgage, hardship assumption allowing a third party to assume

payments, or the possibility of giving back the property. ECF No. 15-9. He was advised that collection and/or foreclosure had been begun. *Id.* He was provided with an email address and telephone number to proceed with a "Loan Workout." *Id.* He was informed by letter that the servicing of his loan was being transferred to Lakeview/Cenlar and provided with contact information for the new servicer. ECF No. 15-10. He does not allege that at any point prior to the foreclosure he provided the service provider with current financial information required to effect a loan modification or other mechanism to avoid foreclosure. ECF No. 15-6. Although he was provided with HUD contact information he does not allege that he attempted to connect with a HUD-approved housing counseling agency. Further, the fact that the default notice, invitation to apply for alternative repayment option, and HUD information was sent by the previous mortgage servicer and not Cenlar does not rescue Plaintiff's claim that he did not receive proper notice of his options under RESPA prior to the mortgage foreclosure. *See Delia v Ditech Fin LLC*, 2017 WL 2379819, at *5 (MD Fla, June 1, 2017)(a "notice of default, albeit, one that was sent by his former mortgage servicer" sufficient to show notice of default).

Moreover, Plaintiff's argument that FHA-HAMP guidelines required Defendants to modify the loan or provide some form of loss modification before beginning foreclosure proceedings is without merit. 12 C.F.R. § 1024.41(a) states that "[n]othing in [the regulation] imposes a duty on a servicer to provide any borrower with any specific loss mitigation option [or] be construed to create a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan." Finally, insofar as Plaintiff requests the injunctive relief of setting aside the foreclosure sale, 12 U.S.C. § 2605(f) limits his relief to monetary damages. "There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force

Defendants to negotiate a loan modification." *Caggins v. Bank of New York Mellon*, 2015 WL 4041350, at *2 (E.D. Mich. July 1, 2015)(Steeh, J.). While Plaintiff claims "exemplary damages" on the basis that he will be dispossessed of his home as result of the foreclosure, he cannot show that the prospective damages are attributable to Defendants' actions. "[A] complaint alleging violations of Regulation X and RESPA must make more than a naked claim of actual damages. . . . Instead, the complaint must allege damages that are traceable to the defendant's conduct.*" Wright v Ocwen L Servicing*, LLC, 2019 WL 3714522, at *2 (E.D. Mich, August 7, 2019)(Roberts, J.).

### C. Breach of Contract

Defendants also argue that the breach of contract claim concerning the alleged failure to meet the HUD guidelines should be dismissed, noting that failure to comply with the guidelines does not create a private cause of action. *Defendants' Brief,* ECF No. 15, PageID.195. It is well-settled that the failure to meet HUD guidelines cannot be used as the basis for a breach of contract claim. *See Jundy v Wells Fargo Bank, NA*, 2015 WL 5697658, at *6, fn 5 (E.D. Mich. September 29, 2015)(Borman, J.)(mortgagor's argument that alleged HUD guideline variations prevented foreclosure "a clear non-starter"); *Ashford v Bank of Am, NA*, 2013 WL 5913411, at *4 (E.D. Mich. October 31, 2013)(*quoting Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir.1989) )("Plaintiffs cannot seriously dispute that no private right of action exists under the HUD regulations" given that "'no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies'"). As discussed above in Section A., Defendants correctly note that Plaintiff lacks standing to challenge the foreclosure following the December 6, 2018 expiration of the statutory redemption period. ECF No. 15, PageID.198. For these reasons, the breach of contract claim will also be dismissed.

### D.  Negligence

Defendants raise multiple arguments for dismissal of the negligence claims, contending first that the negligence claim is merely a backhanded means of making a claim under HAMP, which does not provide for a private cause of action.   ECF No. 15, PageID.199.  Defendants again note that under § 1024.41, "there is no duty to provide a loan modification."  *Id.* at 200 (*citing Hart v. Countrywide Home Loans, Inc.,* 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010))(Duggan, J.).  Finally, they point out that the "negligence" claim is viable only "where 'a legal duty exists separate from a contract obligation.'" *Id.* (*quoting Rinalko Construction Corp. v. Michigan Bell Co.,* 454 Mich 65, 83 (1997)).

 Defendants are correct that the negligence claim cannot proceed because Plaintiff does not have a private right of action for a violation of HAMP.  *See Ahmad v Wells Fargo Bank, NA*, 861 F Supp 2d 818, 828 (E.D. Mich, 2012)("[B]ecause of the overwhelming case law finding that plaintiffs do not have a private right of action to sue for a violation of HAMP . . . courts should be reluctant to allow plaintiffs to recast [negligence] claims—involving alleged failures to conform to the provisions of HAMP—as tort violations")(Cox,  J.).  Further, Plaintiff cannot show that Defendants had a duty of care beyond the duties set forth in the mortgage contract. *See Fultz v. Union–Commerce Associates*, 470 Mich. 460, 467, 683 N.W.2d 587 (2004)("[T]hreshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie").

### E.  Judicial Estoppel

Because dismissal of all claims is appropriate for multiple reasons, the Court declines to consider Defendants' additional argument that Plaintiff is judicially estopped from

challenging Defendants' mortgage lien after acknowledging that Defendant Cenlar was a secured creditor in his 2018 Chapter 13 bankruptcy proceeding.   ECF No. 15, PageID.201. Finally, because Plaintiff's claims are wholly dismissible, it follows that he is not entitled to damages, much less exemplary damages, against Defendants.

## IV.   CONCLUSION

For these reasons, Defendants' motion for summary judgment [ECF No. 15] is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

Date: September 2, 2020                    s/R. Steven Whalen
                                          R. Steven Whalen
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 2, 2020 electronically and/or by U.S. mail.

                                          s/Carolyn M. Ciesla
                                          Case Manager

-10-